## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID MICHAEL MONTGOMERY, | * | |
| # 412-797, SID #2405284 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  ELH-14-3863 |
| | * | |
| JUDGE MICHAEL M. GALLOWAY, | * | |
| JUDGE THOMAS F. STANSFIELD, | * | |
| PUBLIC DEFENDER | * | |
| ALEXANDER J. CRUICKSHANK; | * | |
| STATE'S ATTORNEY | * | |
| JERRY F. BARNES; | * | |
| CHIEF DEPUTY STATE'S ATTORNEY | * | |
| ALLAN J. CULVER; | * | |
| DIRECTOR FOR CARROLL COUNTY; | * | |
| GOVERNOR MARTIN O'MALLEY; | * | |
| PRESIDENT BARAK OBAMA; | * | |
| JUDSON K. LARRIMORE, Chief Public | * | |
| Defender, Carroll County | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

David Michael Montgomery, who is self represented, is an inmate at the Jessup

Correctional Institution ("JCI") in Jessup, Maryland.  He has filed a civil rights action under 42

U.S.C. § 1983 against Carroll County Circuit Court Judge Michael M. Galloway; Carroll County

Circuit Court Judge Thomas F. Stansfield; Carroll County Public Defender Alexander J.

Cruickshank; Carroll County State's Attorney Jerry F. Barnes[1]; Carroll County Chief Deputy

State's Attorney Allan J. Culver[2]; the "Director for Carroll County"; Governor Martin O'Malley;

---

[1] The Clerk shall correct the spelling of "Barns," whose name is actually "Barnes."  He died in November 2014.

[2] Plaintiff sued Allan J. "Calver," but the correct name is Allan J. Culver.  The Clerk shall amend the docket to reflect the proper spelling of his surname.

President Barak Obama; and Carroll County Chief Public Defender Judson K. Larrimore. ECF 1.[3] Montgomery also requests leave to proceed in forma pauperis. ECF 2. As Montgomery's financial affidavit shows he is indigent, he will be granted leave to proceed in forma pauperis, subject to assessment and payment of the initial partial filing fee required under 28 U.S.C. § 1915.

Title 28 U.S.C. § 1915 permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court is mindful of its obligation to construe liberally the pleadings of pro se litigants. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating a complaint filed by a self-represented litigant, the plaintiff's allegations are assumed to be true. *Id.* at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby,* ____ U.S. ____, No. 13-1318, slip op. at 1 (Nov. 10, 2014) (per curiam). Therefore, a complainant who submits an inartfully pled action which contains a potentially cognizable claim should be given the opportunity to particularize his complaint in order to define his issues. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984).

However, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775

---

[3] The Clerk shall amend the docket to add Judson K. Larrimore, Chief Public Defender for Carroll County, as a defendant, consonant with Montgomery's expressed intent in the Complaint. *See* ECF No. at 2.

F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  And, a court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (*quoting Drewitt v. Pratt*, 999 F.3d 774, 778-79 (4th Cir. 1993), and *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)), *cert. denied*, 541 U.S. 1042 (2004).

## BACKGROUND

On December 30, 2013, Montgomery pleaded guilty, in State court, pursuant to an agreed statement of facts, to second-degree murder, armed robbery, and attempted armed robbery. He was sentenced to thirty years of incarceration.  *See* http://casesearch.courts.state.md.us /inquiry/inquiryDetail.jis?caseId=06K13043713&loc=61&detailLoc=K.   As noted, he is incarcerated at JCI.

Montgomery is a frequent self-represented filer in this court.[4]  In this case, Montgomery alleges that defendants have violated his rights under the Eighth and Fourteenth Amendments to the Constitution, the "Disability Act," and unspecified tort law.  ECF 1 at 5.  He complains that he is not eligible for a prison drug treatment program until he has two years left to serve on his sentence or parole eligible date.  Plaintiff maintains that he is not trying to "get out of doing my time. I really want and need help. While being in prison aint [sic] help. I need to be in a

---

[4] *See, e.g., Montgomery v. Conmed, Inc*., Civil Action No. ELH-13-930; *Montgomery v. Hardinger, et al*., Civil Action No. ELH-931; *Montgomery v. Galloway, et al*., Civil Action No. ELH-13-2057; *Montgomery v. Dubas, et al*., Civil Action No. ELH-13-2140; *Montgomery v. Dubas, et al*., Civil Action No. ELH-13-3297; *Montgomery v Morgan, et al*., Civil Action No. ELH-14-833; *Montgomery v. Stansfield*, Civil Action No. ELH-14-1355; *Montgomery v. Eastern Shore Correctional Institution*, et al., Civil Action No. ELH-14-1793; *Montgomery v. State*, Civil Action No. ELH-14-2000; and *Montgomery v. Bonsale*, Civil Action No. ELH-14-3885.

treatment program." ECF 1 at 20.[5] As relief, Montgomery asks defendants to address his mental health and drug problems. He explains that he "has been denied three times by the Judge and the court's [sic] for a motion 8-505 8-507"[6] [sic], the public defender provided ineffective assistance of counsel, the entry of his plea was rushed and he was under medical treatment for bipolar disorder at the time, and he has a long history of substance abuse and mental health problems. *Id.* at 5-7, 11.

In essence, Montgomery claims defendants have violated his constitutional rights or federal law by failing to provide him with immediate access to a substance abuse program while in custody. Yet, he acknowledges that he has no constitutional right to drug rehabilitation or education in prison. ECF 1 at 6. Montgomery does not specify why he believes there has been a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, or why he has a cause of action sounding in tort law.

## DISCUSSION

Inmates do not have a constitutional right to drug rehabilitation programs. *See, e.g., Fredericks v. Huggins*, 711 F.2d 31, 34 (4th Cir. 1983) (stating "an individual's 'right' to detoxification is foregone once he is incarcerated in a penal institution that is unable to provide it"; *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (state has no constitutional obligation to provide basic educational or vocational training programs to prisoners) (internal citations

---

[5] Montgomery's claim concerning mental health care at the Carroll County Detention Center is proceeding in another case pending before me, *Montgomery v. Conmed, Inc.*, Civil Action No. ELH-13-930.

[6] Health General Article § 8-505 of the Maryland Code provides for a drug and alcohol evaluation of criminal defendants to determine whether there is a need for substance abuse treatment. Section 8-507 of the Health General Article allows for commitment of a criminal defendant for drug treatment.

omitted); *Acree v. Clark*, 804 F.2d 1250, 1986 WL 18023, *2  n. (4th Cir. Nov. 10, 1986) ("Acree alleged that he was denied access to alcohol rehabilitation programs and vocational services. This claim fails because there is no constitutional right to such rehabilitation programs."); *Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir. 1982) (lack of adequate vocational and educational programs at penitentiary does not violate Eighth Amendment); *McCray v. Sullivan*, 509 F.2d 1332, 1335 (5th Cir. 1975) (failure to provide rehabilitation, by itself, does not constitute a violation of Eighth Amendment).  For this reason, Montgomery's complaint is subject to dismissal.

Further, Montgomery's allegations are vague and conclusory. He largely fails to attribute to defendants any specific actions which have allegedly violated his constitutional rights.  Apart from naming President Barack Obama as a defendant in the caption of the complaint, Montgomery makes no other mention of him. Montgomery states that he wrote to Governor Martin O'Malley who responded "with ECI (Eastern Correctional Institution) Warden Stating I can't get into a program until two years of my release date or parole date." ECF 1 at 9-10. Similarly, he raises no specific allegations against the "Director for Carroll County." Montgomery's allegations do not support a constitutional or federal claim against President Obama, Governor O'Malley, or the "Director for Carroll County." Consequently, these defendants will be dismissed from this case.

Montgomery next faults his counsel, Assistant Public Defender Alexander J. Cruickshank and Judson K. Larrimore, Chief Attorney in the Office of the Carroll County Public Defender, for ineffective assistance of counsel.[7] Two elements are essential to sustain an action under 42

---

[7]  Montgomery may pursue his ineffective assistance claims in state court, and thereafter may further  pursue his  claims of ineffective assistance by filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  Montgomery will be provided with a § 2254 information and

U.S.C. § 1983: (1) a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that either public defender was acting under color of law these claims are subject to dismissal. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State.). Consequently, Cruickshank and Larrimore will be dismissed from this action.

Additionally, principles of immunity compel dismissal of this action. Montgomery seeks to hold two state circuit court judges liable for decisions arising out of the performance of their judicial duties.  It is well settled that judges are entitled to immunity to suit in the performance of their judicial functions. *See Mireless v. Waco*, 502 U.S. 9, 13 (1991); *Forrester v. White,* 484 U.S. 219, 229 (1988).  "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages."  *Mireless*, 502 U.S. at 13 (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Judicial immunity is a shield from suit, not just from assessment of damages. *Mireless*, 502 U.S. at 11.

To be sure, judicial immunity can be overcome. First, a judge is not immune from liability for his or her non-judicial acts. *Stump*, 435 U.S. at 360.  Second, a judge is not immune for

---

forms packet. He is advised to read carefully the information concerning exhaustion of claims in the state courts and the one-year limitation period if he intends to file for federal habeas relief.

actions, though judicial in nature, that were taken in complete absence of all jurisdiction. *Id.* at 356–57. In determining whether an act is judicial, a court examines whether the act in contention is a function normally performed by a judge. *Id.* at 362. Neither circumstance is alleged here, and dismissal of these defendants is compelled by the doctrine of judicial immunity.

Montgomery does not set forth specific claims against either the late Jerry F. Barnes, former State's Attorney for Carroll County,[8] or Chief Deputy Allan J. Culver, and suit against both defendants is subject to dismissal on this basis.  It bears noting that absolute immunity protects a "prosecutor when serving as an advocate in judicial proceedings," including " 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State[.]' " *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Thus, the claims against the prosecutors will be dismissed.

## CONCLUSION

For these reasons, the court will dismiss this complaint, without prejudice to plaintiff's right to file a complaint claiming inadequate mental health treatment at JCI.[9]   A separate Order follows.

December 23, 2014                          /s/
Date                                       Ellen L. Hollander
                                           United States District Judge

---

[8] As noted, Mr. Barnes recently died. *See* http://msa.maryland.gov/msa/mdmanual/36loc /carr/html/carre.html.

[9] To the extent Montgomery contends that he is being provided constitutionally inadequate mental treatment at JCI, he may file a new complaint to include: 1) details to support his claims; 2) his efforts, if any, to resolve his concerns through the institutional administrative remedy procedure (ARP) process; 3) the names of the individual(s) who have denied him mental health care, inadequate mental health treatment, or otherwise abridged his constitutional rights or federal law; and 4) the injuries he has sustained as a result.